# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY DON DAVIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>TRACEY MCCOLLUM, Warden, )<br>)<br>Respondent. ) | Case No. CIV-16-1347-R |

## ORDER

Before the Court is the Report and Recommendation of Judge Bernard M. Jones (Doc. 15) recommending that the Court deny state prisoner Jerry Don Davis's pro se Petition for a Writ of Habeas Corpus (Doc. 1). Petitioner filed an objection (Doc. 16) and the Court accordingly reviews the Report de novo. Petitioner was convicted of First Degree Manslaughter and Driving While Privilege Revoked following a jury trial in the District Court of Oklahoma County ("State Trial Court"), Case No. CF-2010-6556. Following an unsuccessful appeal and post-conviction proceedings, Petitioner raises three grounds for federal habeas relief. The Petition is hereby DENIED.

### I. Background

Petitioner and Patricia Ann Dixon suffered a motorcycle accident while traveling in Oklahoma City for a "weekend getaway" on September 17th, 2010. *See* Petition, Doc. 1, at 5–6. Petitioner concedes he drove with an expired license between Elk City and an Oklahoma City bar. *Id.* at 6 n.2. He also admits he was legally drunk afterward when the two left that bar. *Id.* However, he claims Ms. Dixon was driving his motorcycle thereafter

1

when she rear-ended the car in front of them, throwing her from the bike and ultimately killing her. *Id.* at 6–7.

The State of Oklahoma charged Petitioner with First Degree Manslaughter and Driving While Privilege Revoked. At his jury trial, the State presented an expert in accident reconstruction, Oklahoma City Police Master Sergeant Jerry Hendrick, who testified that based on the available evidence—Petitioner and Ms. Dixon's injuries, the skid-marks, the speed of the vehicles, where the parties ended up following the accident, and other factors—he believed that Petitioner was driving the motorcycle. *See id.* at 7–8; Doc. 9, at 6–7. Defense counsel thoroughly cross-examined Officer Hendrick and Petitioner later testified that Ms. Dixon was the driver. *See* Trial Transcript, Doc. 9-12, at 18–22, 29–46, 49–59, 138–91, 204–09. However, defense counsel did not present an expert witness to support this theory.

During jury deliberations, the jury asked the court by note, "What do we do in the event of a hung jury on only one count? We have come to a verdict only on the 2nd count." Appellant Brief, Doc. 9-1, at 5. The court responded in writing, "Please continue to deliberate." *Id.* The record does not reflect whether the court consulted with either party's counsel or brought the jury into open court before responding. The jury continued deliberations and found Petitioner guilty of both counts. The court thereafter sentenced him to twenty years imprisonment on the manslaughter charge, running concurrent with one year imprisonment for driving with revoked privilege.

Petitioner filed an unsuccessful direct appeal, asserting that the court erred in violating 22 Okla. Stat. § 894, which requires notice to both parties when the court answers jury questions during deliberations. *See* Oklahoma Court of Criminal Appeals ("OCCA")

Summary Opinion, Doc. 9-4. Petitioner then sought state post-conviction relief on two grounds. First, trial counsel was ineffective for failure to request appointment of an expert accident reconstruction witness and failure to obtain such a witness. Second, appellate counsel, who was different from Petitioner's trial counsel, was ineffective for failure to assert ineffective assistance of trial counsel. The State Trial Court denied post-conviction relief (Doc. 9-7), and the OCCA denied Petitioner's post-conviction appeal (Doc. 9-11).

## II.     Habeas Relief Under 28 U.S.C. § 2254

On November 25, 2016, Petitioner filed three claims for federal habeas relief pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254:

(1) The State Trial Court violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights when it "coercive[ly]" responded "Please continue to deliberate" to the jury's question without notification or the presence of counsel. The OCCA rejected this claim on state grounds on direct appeal.

(2) Appellate counsel denied Petitioner his Sixth Amendment right to effective assistance by failing to raise ineffective assistance of trial counsel for not obtaining an expert accident reconstruction witness. The OCCA rejected this claim on the merits in post-conviction proceedings.

(3) Trial counsel denied Petitioner his Sixth Amendment right to effective assistance by failing to request or obtain an expert accident reconstruction witness. The OCCA rejected the claim based on a procedural bar, that Petitioner failed to raise the claim on direct appeal.

*See* Doc. 1, at 14.

AEDPA applies a highly deferential standard of review to federal habeas claims previously "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *see Burt v. Titlow*, 134 S. Ct. 10, 16 (2013). The Court may grant relief only if Petitioner shows that the State Trial Court or OCCA adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

3

by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1), (2); *see Owens v. Trammell*, 792 F.3d 1234, 1242 (10th Cir. 2015) ("It is the petitioner's burden to make this showing . . . ."). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Burt*, 134 S. Ct. at 16 (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

A state court decision is "contrary to . . . clearly established Federal law" under § 2254(d)(1) if it "'applies a rule that contradicts the governing law set forth in Supreme Court cases' or 'confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a [different] result." 28 U.S.C. § 2254(d); *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 739 (10th Cir. 2016) (quoting *Fairchild v. Trammell*, 784 F.3d 702, 710 (10th Cir. 2015)). As AEDPA's text clearly indicates, "it is not the province of a federal habeas court to re-examine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Nor can the Court "extract clearly established [federal] law from the general legal principles developed in factually distinct contexts"; Supreme Court holdings "must be construed narrowly." *House v. Hatch*, 527 F.3d 1010, 1015–17 & n. 5 (10th Cir.2008). Further, so long as the state court reached a claim on the merits, federal habeas review under § 2254(d)(1) is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

"Review of a state court's factual findings under § 2254(d)(2) is similarly narrow." *Smith v. Duckworth*, 824 F.3d 1233, 1241 (10th Cir. 2016). State factual determinations are presumed correct unless Petitioner "rebutt[ed] the presumption . . . by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1). The Court will not find a state court determination "unreasonable" just because it "would have reached a different conclusion in the first instance." *Id.* § 2254(d)(2); *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015). Instead, AEDPA requires deference to the state court's factual findings so long as "reasonable minds reviewing the record might disagree about the finding in question." *Id.*

Lastly, for a habeas claim under § 2254(d)(1) or (2), the Court cannot "hold an evidentiary hearing" to "develop the factual basis of a claim in State court proceedings," unless (1) the claim relies on a new, retroactively-applied rule of constitutional law or previously undiscoverable "factual predicate," and (2) "the facts underlying the claim would" clearly establish that constitutional error caused the factfinder's guilty finding. 28 U.S.C. § 2254(e)(2).

### III. Trial Court Supplemental Instruction

Petitioner first brings a § 2254(d)(1) challenge to the State Trial Court's supplemental jury instruction as a violation of clearly established Oklahoma law and the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.[1] The jury asked, "What do we do in the event of a hung jury on only one count? We have come to a verdict only on the 2nd count." Appellant Brief, Doc. 9-1, at 5. The trial court responded in writing, "Please continue to

---

[1] Petitioner's Objection to the Magistrate's Report and Recommendation characterizes his challenge as a § 2254(d)(1) challenge to a state order that contradicts clearly established federal law. *See* Doc. 16, at 4. At times, however, Petitioner seems to challenge the jury's factual determinations in light of Petitioner's testimony pleading innocence at trial. To the extent Petitioner attempts to bring a freestanding claim of "actual innocence" or a "miscarriage of justice," it is meritless. "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also id.* at 404–05 (The "fundamental miscarriage of justice exception" or "claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits").

5

deliberate," though it is unclear from the record whether the court first consulted with counsel or brought the jury into open court. *Id.*

Upon direct appeal, the OCCA reviewed Petitioner's claim for plain error because he failed to object in the court below, and the OCCA affirmed the State Trial Court's decision. 22 Okla. Stat. § 894 requires that once the jury has begun deliberating, "if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court," after which the judge can answer "in the presence of, or after notice to" both parties' counsel. Petitioner claimed that the trial judge violated § 894 and coerced the jury into reaching a decision; instead, Petitioner argued, the judge should have (1) asked the jurors if further deliberations would be helpful before directing them to continue deliberating, or (2) given an *Allen* charge to instruct "jurors holding minority views to reconsider their views in light of the contrary views held by the majority of jurors" and to reaffirm that "the verdict must be that of each individual juror." *Darks v. Mullin*, 327 F.3d 1001, 1013 (10th Cir. 2003) (citing *Allen v. United States*, 164 U.S. 492, 501 (1896)). In the absence of a clear record on "compliance with [§ 894] notification and open court requirements," the OCCA refused to assume that the trial judge violated Oklahoma law. Doc. 9-4, at 2–3.

As a threshold matter, Petitioner's alleged violation of Oklahoma law regarding instructions to deliberating juries cannot form the basis of a federal habeas action unless the error also violated his federal constitutional rights. *See Estelle*, 502 U.S. at 67–68; *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012). Petitioner therefore raises a number of constitutional arguments to support his claim that the State Trial Court violated clearly

established federal law by allegedly giving coercive jury instructions outside counsel and the Petitioner's presence.[2] The Court reviews these arguments *de novo*. *See Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002) (per curiam) ("[W]here a federal constitutional argument was raised on direct appeal but not addressed by the state court in any manner, we review that argument de novo.").

Petitioner primarily relies on *Shields v. United States*, 273 U.S. 583 (1927), for relief, which is neither "clearly established" federal law under AEDPA nor applicable to this case. 28 U.S.C. § 2254(d)(1). The *Shields* court reviewed a federal district court's instruction to jurors outside the defendant and defense counsel's presence; after their reported inability to agree on Shields's guilt, the judge responded that they "will have to find also whether Shields . . . [is] guilty or not guilty." 273 U.S. at 584. The Supreme Court held that "the defendant, especially in a criminal case, [is entitled] to be present from the time the jury is impaneled until its discharge after rendering the verdict." *Id.* at 588–89.

*Shields* is not clearly established federal law for habeas purposes. The Supreme Court reversed Shields's conviction based—not on the Sixth Amendment right to counsel, due process rights, or other constitutional protections—but on "non-constitutionally based rules of orderly trial procedure." *Rushen v. Spain*, 464 U.S. 114, 119 n.4 (1983). In *Early v. Packer*, 537 U.S. 3, 10 (2002), the Supreme Court found that decisions merely "exercise[ing] . . . supervisory powers" over federal district courts are "[ir]relevant to the § 2254(d)(1) determination." *Early*, 537 U.S. at 10 (quoting *Lowenfield v. Phelps*, 484 U.S. 231, 239

---

[2] The Court liberally construes Petitioner's pro se filings as implying that Petitioner and counsel were not present during the trial judge's supplemental instruction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

(1988)). *Early* reversed the Ninth Circuit's grant of federal habeas relief because the Circuit relied on inapplicable Supreme Court decisions that "reversed convictions based on jury instructions given in federal prosecutions" and did not "purport[] to interpret any provision of the Constitution." *Id.* (citing *Jenkins v. United States*, 380 U.S. 445 (1965) (per curiam); *United States v. United States Gypsum Co.*, 438 U.S. 422 (1978)).

The *Shields* decision also relied on supervisory authority over federal district courts and—for the jury deliberation question at issue—a Supreme Court case "[ir]relevant to the § 2254(d)(1) determination," *Fillippon*. *Early*, 537 U.S. at 10; *see Shields*, 273 U.S. at 588 (quoting *Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76 (1919)). *Fillippon* did not invoke constitutional protections; it reversed a federal district court judgment applying its supervisory authority over federal district courts. *See Rushen*, 464 U.S. at 119 n.4 (citing *Shields* and *Fillippon* for the proposition, "undisclosed instructions from judge to jury violates non-constitutionally based rules of orderly trial procedure"); *Young v. Herring*, 938 F.2d 543, 557 (5th Cir. 1991) (The *Fillippon* court ruled "based on the common law and the Court's supervisory power over the lower federal courts . . . ."). In other words, *Shields* is not "clearly established Federal law" that supports Petitioner's habeas relief because it involves the Supreme Court's exercise of supervisory, non-constitutional authority over trial procedure inapplicable to state prosecutions. 28 U.S.C. § 2254(d)(1); *see Wong v. Smith*, 131 S. Ct. 10, 11 (2010) ("The clearly established law relevant to [the constitutional rule against coercive jury instructions] is sparse"); *Williams v. Lee*, No. 13-CV-238 (SLT), 2016 WL 3436059, at *17 (E.D.N.Y. June 13, 2016) ("[*Shields* did not] suggest that the state court['s] 'adjudication of the claim resulted in a decision that was contrary to, or involved

8

an unreasonable application of, clearly established Federal law . . . .") (quoting 28 U.S.C. § 2254(d)).

Beyond *Shields*, Petitioner grounds his alleged right to be present during the judge's supplemental jury instruction in the Constitution and Federal Rule of Criminal Procedure 43. The Federal Rules do not govern state prosecutions, and while they may be "grounded in . . . The Sixth Amendment's Confrontation Clause[] and the Due Process Clause of the Fourteenth Amendment," they offer a "broader right to be present than the right recognized under the Constitution." *United States v. Smith*, 31 F.3d 469, 471 (7th Cir. 1994); *Young v. Herring*, 938 F.2d 543, 557 (5th Cir. 1991); *see also Smith*, 31 F.3d at 473; *United States v. Brown*, 571 F.2d 980, 986 (6th Cir. 1978). "[T]he defense has no constitutional right to be present at every interaction between a judge and a juror, nor is there a constitutional right to have a court reporter transcribe every such communication." *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (quoting *Rushen*, 464 U.S. at 125–126 (1983) (Stevens, J., concurring)). Petitioner cannot show he was entitled to be present during the judge's response to the jury.

Next, the Sixth Amendment does not grant Petitioner a clearly established right to counsel at the jury deliberations stage. Courts have struggled to consistently apply *United States v. Cronic*, 466 U.S. 648, 658–59 (1994), which held that prejudice is presumed when an "accused is denied counsel at a critical stage of his trial." *See Smith v. Trammell*, No. CIV-09-293-D, 2014 WL 4627225, at *33–35 (W.D. Okla. Sept. 16, 2014) ("In the absence of Supreme Court authority that jury deliberations constitute a critical stage for purposes of *Cronic,* and because a survey of the circuits reveals no consensus on the issue either, this is

clearly an issue where fairminded jurists could disagree."), *aff'd sub nom. Smith v. Duckworth*, 824 F.3d 1233 (10th Cir. 2016). Because *Cronic* does not clearly apply to Petitioner's case, his right to counsel claim fails under Section 2254(d)(1). Moreover, Petitioner is not entitled to an evidentiary hearing on this issue because his claim does not rely on a new constitutional rule or a previously undiscoverable "factual predicate."[3] 28 U.S.C. § 2254(e)(2)(A)(ii). Demonstrating counsel's absence also would not clearly establish that constitutional error caused the jury's guilty finding. *See id.* § 2254(e)(2)(B).

Lastly, Petitioner fails to show that the judge's instruction tended to coerce the jury in violation of his due process rights. After all, the trial judge did not instruct jurors that they had to make a decision; he merely instructed them to continue deliberating. The Tenth Circuit approved a district court's similar supplemental jury instruction, "[Y]ou have advised me through your foreperson that you have not reached a unanimous verdict . . . . I am going to ask you to deliberate further." *Darks v. Mullin*, 327 F.3d 1001, 1012 (10th Cir. 2003). The Circuit reversed the grant of habeas relief and found that "[w]hen, as here, a neutrally phrased supplemental instruction is directed at all jurors rather than just those holding a minority view, and encourages them to continue deliberations, it reduces the possibility of coercion." *Id.* at 1013; *see also Lowenfield v. Phelps*, 484 U.S. 231, 238 (1988)[4] ("Surely if the jury had returned from its deliberations after only one hour and

---

[3] The same goes for a *Remmer* hearing, which Petitioner improperly requests for the first time in his reply; it is also inappropriate in this context. *Remmer* concerned "private communication, contact, or tampering directly or indirectly, with a juror during a trial . . . ." *Remmer v. United States*, 347 U.S. 227, 229 (1954). The State Trial Court's communication was not private, and a hearing is unnecessary.

[4] *Lowenfield* also makes clear that while all Circuits have approved "some form of an *Allen* charge," the precise language of supplemental instructions is up to the trial judge's discretion in light of the totality of circumstances. 484 U.S. at 237–38 & n.1. *Allen* merely provides a guidepost for a constitutionally permissive and uncoercive instruction. *See generally Allen v. United States*, 164 U.S. 492, 501 (1896)

informed the court that it had failed to achieve unanimity on the first ballot, the court would incontestably have had the authority to insist that they deliberate further."); *Mills v. Tinsley*, 314 F.2d 311, 313 (10th Cir. 1963) ("The law is well established that the length of time a jury may be kept together for deliberation is discretionary with the trial judge. . . . It is not unusual for a jury to advise the court that it is deadlocked and to thereafter agree and return a verdict."). *Contra Jenkins*, 380 U.S. at 446 ("The judge . . . stated that 'You have got to reach a decision in this case.' . . . [T]he judge's statement had the coercive effect attributed to it."). Therefore, such an instruction is not overly prejudicial or coercive such that the State Trial Court deprived petitioner of due process. Petitioner's first claim lacks clearly established federal law or clear and convincing facts justifying relief.

## IV. Ineffective Assistance of Appellate Counsel

Petitioner next claims ineffective assistance of appellate counsel for failing to raise ineffective trial assistance; his underlying grievance is that trial counsel failed to obtain an expert witness on accident reconstruction. The OCCA denied Petitioner's appellate ineffectiveness claim on the merits:

> (4) In order to establish a claim of ineffective appellate counsel, Petitioner must show (1) deficient performance, by demonstrating that his appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for appellate counsel's unprofessional error, the result of his appeal would have been different. *Logan*, 2013 OK CR at ¶5, 293 P.3d at 973. Petitioner hasn't established that even if his appellate counsel had raised a claim concerning obtaining an expert witness on accident reconstruction, or had even

---

("The very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves."). Here, Petitioner fails to show how a neutral instruction to continue deliberating coerced the jury's verdict.

11

>     obtained such an expert, that the outcome of his appeal or his trial would
>     have been different.

Doc. 9-11, at 2.

The *Logan* OCCA case, cited above to deny Petitioner post-conviction relief, adopted the Sixth Amendment ineffective assistance of counsel standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires claimants to establish both deficient performance and resulting prejudice. Deficient performance is "outside the wide range of professionally competent assistance" and prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 690, 694. The *Strickland* standard applies equally to ineffective assistance of appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Because the OCCA applied *Strickland* and denied Petitioner relief on the merits, he faces a significant challenge on federal habeas review. *Strickland* is already a deferential standard. There is a "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance," and counsel's errors must be "so serious as to deprive the defendant of a fair trial." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687, 689). "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." *Id.* at 105. This is because Strickland review under § 2254(d) is "doubly" deferential—rather than ask whether counsel's conduct was reasonable, the Court asks "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Under this highly deferential standard, Petitioner's appellate ineffectiveness claim easily fails. Concerning performance, Petitioner asked trial counsel to secure an expert

12

witness, and counsel thought it would not help his chances of success; counsel felt Petitioner's own testimony about the accident would be sufficient to rebut the State's case.[5] *See* Application for Post-Conviction Relief, Doc. 9-5, at 6. This advice is entitled to the presumption that, "under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). Petitioner also fails to show prejudice. He does not explain what theories an expert witness might have offered or how an expert would have showed that Ms. Dixon was the motorcycle driver— how would such testimony have changed the result at trial? Petitioner only argues that an expert could have undermined the State expert's testimony and demonstrated that Petitioner's account of the accident was "possible." Doc. 9-5, at 6, 7. Such speculation does not create a "reasonable probability" of prejudice. *Strickland*, 466 U.S. at 694. This "possibl[y]" exculpatory testimony also came out at trial when Petitioner took the stand and defense counsel cross-examined the State's expert witness, further weakening Petitioner's prejudice argument. *See* Trial Transcript, Doc. 9-12, at 18–22, 29–46, 49–59, 138–91, 204–09.

Petitioner cannot demonstrate a "nonfrivolous" trial ineffectiveness claim;[6] thereby appellate counsel was not ineffective for failing to raise that claim. *Robbins*, 528 U.S. at 285

---

[5] Petitioner claims that his first lawyer secured an accident reconstruction expert to testify at trial and to rebut the State's account of the accident; but after a dispute about payment, Petitioner fired his first lawyer and obtained new counsel who advised him that his own testimony would be sufficient. Petition, Doc. 1, at 11–12; Application for Post-Conviction Relief, Doc. 9-5, at 6–7. Assuming this is true, the mere fact of a hypothetically available expert witness is too speculative to satisfy the *Strickland* prejudice prong. *See Byrd v. Workman*, 645 F.3d 1159, 1168–69 (10th Cir. 2011) ("[M]ere speculation is not sufficient to satisfy this burden [to show prejudice].").

[6] The Court sees little distinction between Petitioner's claim that trial counsel was ineffective for failing to obtain an expert witness and his claim that counsel was ineffective for failing to request funds for the appointment of an expert. *See* Petitioner's Habeas Reply, Doc. 14, at 21; Report and Recommendation,

(The claimant must show that appellate counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them."); *see Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (quoting *Robbins*, 528 U.S. at 288) ("It is difficult to show deficient performance . . . because [appellate] counsel 'need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.'"). Petitioner therefore fails to show that the OCCA unreasonably applied *Strickland* to deny him relief. Further, the Court declines to grant Petitioner an evidentiary hearing on his ineffective assistance of appellate counsel claim. The OCCA decided it on the merits and federal habeas review under § 2254(d)(1) is accordingly "limited to the record that was before the state court." *Cullen*, 563 U.S. at 181.

## V. Ineffective Assistance of Trial Counsel

Petitioner's third claim is ineffective assistance of trial counsel for failing to obtain an expert accident reconstruction witness. During post-conviction proceedings, the OCCA declined to consider Petitioner's trial ineffectiveness claim because he did not raise it on direct appeal, even though Petitioner's appellate counsel was different from his trial counsel. Oklahoma's procedural bar rule states that "issues that were not raised previously on direct appeal, but . . . could have been raised, are waived for further review." Order Affirming Denial of Post-Conviction Relief, Doc. 9-11, at 2 (citing *Logan v. State*, 2013 OK CR 2, ¶3, 293 P.3d 969, 972; 22 Okla. Stat. § 1086).

---

Doc. 15, at 17 n.12. Disregarding the question of whether Petitioner was indigent, even if counsel requested funds and the State appointed a defense expert, Petitioner fails to show how this would have reasonably changed the trial outcome.

A federal habeas court cannot review a claim "defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Welch v. Workman*, 639 F.3d 980, 1012 (10th Cir. 2011) (quoting *English v. Cody,* 146 F.3d 1257, 1259 (10th Cir.1998)); *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991). It is undisputed that Oklahoma's procedural bar rule, which considered Petitioner's ineffective trial counsel claim waived, is an "independent and adequate state procedural rule." *Id.*; Government's Habeas Response, Doc. 9, at 30. However, to constitute "cause" sufficient to obtain federal habeas consideration of his procedurally defaulted trial ineffectiveness claim, Petitioner must "show that some objective factor external to [him] impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner attempts to do so by making "[a] showing that [he] received ineffective assistance of [appellate] counsel." *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002). However, Petitioner's ineffective assistance of appellate counsel claim is meritless. *See supra* Part IV, at 11–14. Thus, he lacks cause to overcome his procedural default. "As [Petitioner] has not shown cause, [the Court] need not discuss whether he has been actually prejudiced." *Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

Petitioner also fails to meet the "miscarriage of justice" exception to procedural default. *Welch*, 639 F.3d at 1012. To meet this exception, "Petitioner must show that his [petition] presents 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent' of the crime." *Howard v. Williams*, 139 F.3d 912 (10th Cir. 1998) (quoting *Murray*, 477 U.S. at 495). He repeatedly

asserts his innocence, but fails to present evidence not already considered and rejected by the jury. In other words, the Court has no indication that it "cannot have confidence in the outcome of the trial." *Schlup v. Delo*, 513 U.S. 298, 316 (1995); *see also McQuiggin v. Perkins*, 569 U.S. 383, 399–401 (2013). The State Trial Court lawfully convicted Petitioner for First Degree Manslaughter and Driving While Privilege Revoked following a jury trial. *See* Jury Trial Transcript, Doc. 9-12. The Court declines to employ this "extraordinary" exception to consider Petitioner's procedurally defaulted ineffective assistance of trial counsel claim. *Murray*, 477 U.S. at 495. Further, the Court denies his request for an evidentiary hearing on a procedurally barred claim. *See Thacker v. Workman*, 678 F.3d 820, 836 (10th Cir. 2012) (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)).

## VI. Conclusion

Following thorough review of the record on appeal, post-conviction review, and federal habeas, the Court finds that Petitioner's three grounds for relief lack merit. Accordingly, Judge Jones's Report and Recommendation (Doc. 15) is ADOPTED in full and the Petition (Doc. 1) is DENIED.

IT IS SO ORDERED this 29th day of January, 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE